# LONG v. KENT.

1. L, K and B are co-sureties for a defendant in a detinue bond, conditioned to deliver a slave in the event of a recovery : pending the suit, L desires K, in whose possession the slave has remained, to deliver the same to the sheriff in discharge of the bond. K refuses, and afterwards delivers the slave to the defendant in the detinue suit, by whom it is run off, and thereby the sureties have to answer on the bond. The slave is afterwards regained, through the exertions of L and B, and sold. The proceeds, when divided between L, K and B, fall short of the sum paid by them. If the slave had not been eloigned, it would have sold for a greater price : *Held*, that these circumstances did not warrant an action of assumpsit, by L against K, and that the evidence was properly excluded in that form of action.

Writ of Error to the County Court of Butler County.

Assumpsit on the money counts. The suit was tried on the general issue, and on the pleas of payment and set-off.

The plaintiff gave in evidence, the record of a judgment obtained in the circuit court in favor of Daniel E. Starr, against William Burk, which showed an action of detinue to recover a slave. Affidavit in that suit had been made by Starr, under the statute, and a bond was executed by Burk, as principal, with Long, the plaintiff in this suit, Angus Brown, and the present defendant, as sureties, conditioned for the delivery of the slave in the event the plaintiff should recover it. The judgment in that

suit was, that Starr should recover the slave.    The plaintiff then gave evidence tending to show that the slave was in the possession of Kent, the defendant in this suit, a short time before the trial of the suit between Starr and Burk, and that Long having become uneasy about his liability as surety on the before mentioned bond, applied to Kent for the said slave, in order to surrender it to the sheriff in discharge of the bond, but Kent refused to deliver the slave, or to permit it to be delivered, alleging his determination to keep the slave until the determination of the suit between Starr and Burk.    Evidence was also given to show that the defendant had kept the slave out of the way of an officer, who searched for it to deliver it up in discharge ,of the plaintiff's liability, as one of the sureties on the said bond.    That shortly after this, the slave was, by Kent, delivered to Burk, who run it to Florida, so that it was not forthcoming when the judgment was afterwards obtained by Starr; and that thereby Long, Kent and Brown, the sureties of Burk in the said bond, were compelled to pay the judgment obtained by Starr against Burk.

The plaintiff also gave evidence, tending to show that after the judgment in detinue by Starr against Burk, had been paid by the sureties on the bond of Burk, Long and Brown, with the knowledge and consent of Kent, went in search of Burk and the slave, not knowing where they were, Kent saying to them before they started, that he had incurred some expense in searching for Burk and the slave, and thought it right that Long and Brown should also do something in aid of getting them.    He further proved, that himself and Brown were gone about thirty days, and found Burk and the slave in Florida, but could bring neither of them back, having no authority.    Subsequently, a true bill was found against Burk for running mortgaged property beyond the limits of the State; and the plaintiff availing himself of this, in company with Brown, again went to Florida, and brought Burk and the slave back to this State, where the slave was afterwards sold under an execution, in favor of all of the said sureties, against Burk, on account of their liability on the said bond, and the nett proceeds were equally divided between them, both plaintiff and defendant receiving their proportion.

The plaintiff then showed in evidence, that if the slave had been delivered up by the defendant when demanded by the plaintiff, or had been sold soon after the judgment in the detinue suit, it

probably would have brought a price sufficient to satisfy the judgment; that slaves had declined in value since that time, and that the slave when sold, did not bring enough to satisfy the judgment in detinue, by 256 dollars.

This evidence was all excluded from the jury as irrelevant to the issue, on the defendant's motion. Whereupon the plaintiff excepted, and judgment being given against him, on the verdict rendered in favor of the defendant, he prosecutes the writ of error, and here assigns the exclusion of his evidence from the jury, as error.

Bolling, for the plaintiff in error.

Elmore, *contra*, cited Johnson v. Ballew, 2 Porter, 29; Keith v. Patton, 2 Stewart, 38; Byers v. Freeman, 1 Porter, 478; Evans v. Bolling, 8 Porter, 546; Caruthers & Kinkle v. Mardis, 3 Ala. Rep. N. S. 599; Driver v. Spence, 1 Ala. Rep. N. S. 540.

GOLDTHWAITE, J.—We have no doubt that a court is invested with the discretionary power to exclude evidence, either in whole or in part, whenever its irrelevancy to the issue before the jury is ascertained.

The case made by the plaintiff was not one which entitled him to any recovery in assumpsit, nor is there any portion of it from which the issue before the jury could be concluded, as there was nothing from which it could legally be inferred that any contract, express or implied, existed between these parties. The whole was irrelevant therefore, because no part of it conforms to the allegations of the declaration, which is in assumpsit. Whether the circumstances disclosed would warrant a recovery in an action on the case between these same parties, or an action of assumpsit, by Long and Brown against Kent, for the expenses incurred by them in searching for the slave, is not material to determine, as neither of these questions grow out of the record.

As there was no error in excluding the entire evidence, the judgment must be affirmed.