# KENT v. LONG.

1. The plaintiff, defendant and B. were joint sureties for Brown, in a bond executed pursuant to the statute, by the defendant, in an action of detinue; previous to the termination of the suit, the plaintiff endeavored to obtain possession of the property in controversy; this was resisted by the defendant, who was in possession of the same—saying he would keep it until the trial, and be responsible for its forthcoming. But instead of so doing, he delivered the property to the defendant in the action of detinue, who removed it without the State; by reason of which the plaintiff was put to great trouble and expense, and sustained damages, &c.: Held, that a declaration framed upon these facts, in case, was good on general demurrer.

2. A demurrer to a declaration containing several counts, will not be sustained, if either of them is good, unless there is a misjoinder of counts; in that case, it will be sustained, without reference to the sufficiency of the counts when detached from each other.

3. If " the declaration contains a substantial cause of action, and a material issue be tried thereon," the act of 1824 declares, that the cause will not be reversed, arrested, or otherwise set aside, after verdict, or judgment," for a defect in " the pleadings not previously objected to;" consequently, an ap-

pellate Court will not regard the defects of a declaration, if a demurrer has not been directly interposed, or the attention of the primary Court called to it, upon a demurrer to some other part of the pleadings; and in the latter case, the record should show such to have been the fact.

Writ of Error to the Circuit Court of Butler.

THIS was an action at the suit of the defendant in error, against the plaintiff in error. The declaration contains several counts, the first of which is in case, and alledges that the plaintiff, defendant, and one Brown, were the sureties of William Burke, in a bond for the forthcoming of a slave, named John ; which bond was such as the statute requires to be executed by a defendant in the action of detinue. The action in which the bond was given was brought by Daniel S. E. Starr, against Burke, for the recovery of the slave, and previous to its termination, the plaintiff below became uneasy on account of his suretyship, and tried to take possession of John, and deliver him to the sheriff of Butler, in discharge of his bond. This the defendant refused to permit the plaintiff to do, as he had the slave in possession, saying he would keep him until the trial, and be responsible for his forthcoming. But instead of so doing, he delivered him to Burke, who removed the slave without the State, by reason of which, &c., the plaintiff was put to a great expense, &c., and hath sustained damage, &c. The common counts in assumpsit are also added.

The defendant pleaded in short *non assumpsit*, and a former recovery ; on the first of which the plaintiff took issue, and to the second replied. The judgment entry recites that the defendant demurred to the replication to the plea of former recovery, that his demurrer was overruled, and the issues were submitted to a jury, who returned a verdict in favor of the plaintiff for two hundred and fifteen 50-100 dollars, and judgment rendered accordingly. Subsequent to the rendition of the judgment, the following entry was made, viz : " This day came the defendant, by his attorney, and moved in arrest of judgment, on the ground of a misjoinder of actions, which motion being heard and overruled by the Court—the Court having charged the jury in this case before they retired, no recovery could be had under the testimony, by the plaintiff, under the two last counts in the declaration."

G. W. GAYLE, with whom was WATTS, for the plaintiff in error, made the following points : 1. There is a misjoinder of actions

in the declaration; the first count is in case, and in the second are embraced the common counts in assumpsit; and the objection is available, either on demurrer, in arrest of judgment, or on error. [1 Chitty's Plead. 208; White v. Kornegay, at the last term.] 2. The verdict is general on a misjoinder of counts, and the first count is bad.

T. J. JUDGE, for the defendant in error. Case is clearly an appropriate remedy for the cause stated in the first count; the defendant shared in the proceeds of the slave when he was sold, and by his neglect he was run off, and should therefore contribute to the compensation of the plaintiff for loss of time, trouble and expense, in hunting up and bringing back the slave. As to the misjoinder of counts, that was cured by the instruction of the Judge to the jury, which was equivalent to a *nolle prosequi* of the common counts. Although *non assumpsit* is not the general issue in case, yet it will be considered good after verdict.

COLLIER, C. J.—The defendant, by his refusal to permit the plaintiff to take possession of the slave, and deliver him up in discharge of the suretyship, previous to the determination of the suit of Starr against Burke, and instead thereof allowing the latter to take him into possession, furnished an opportunity for his removal. These facts are alledged in the declaration, and in addition, it is stated that the plaintiff, at the expense of much time, trouble and money, recovered the slave; that he had been sold, and the proceeds, *pro tanto*, applied to the discharge of the judgment against Burke, for which the defendant, plaintiff and their co-security, Brown, were liable; that, that judgment was not thereby extinguished; besides this, the defendant had not contributed any thing to defray the expense and charges consequent upon the recovery of the slave. Assuming the facts stated to be true, as we are bound to do, and we think they show that the plaintiff has been injured by the improper conduct of the defendant, and that the latter has actually received a benefit by the plaintiff's industry, and expenditure of money. These grounds certainly furnish a good cause of action, which may be made available in the form adopted by the plaintiff. This we intimated when this case was here at a previous term, but in a different form, Long v. Kent, 6 Ala. Rep. 100.

Kent v. Long.

We have repeatedly held that a general demurrer to an entire declaration cannot be sustained if there be one good count, but if there be a misjoinder of actions, without reference to the sufficiency of the counts in themselves, the defendant is entitled to judgment. [Chandler v. Holloway, 4 Porter's Rep. 17.] This is the rule, where the objection for misjoinder is made on demurrer, and at common law, perhaps, a motion in arrest of judgment, or a writ of error would lie, where the plaintiff had thus united distinct actions. But the act of 1824, " to regulate pleadings at common law," (Clay's Dig. 322, § 53,) cures many defects in pleadings. The first section enacts, " that no cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to ; *Provided*, the declaration contains a substantial cause of action, and a material issue be tried thereon." We have always given to this statute a liberal interpretation in advancement of the object contemplated by the legislature. It is clear that the declaration contains a substantial cause of action, whether we consider either count, although they are improperly united. And the record shows that a material issue was tried thereon. The plea of *non assumpsit* may, after verdict, be regarded a denial of the entire declaration, though inappropriate to an action on the case ; for it has been frequently held, that " not guilty," will sustain a verdict for the plaintiff, in an action of debt.

As, then, the defendant did not object to the declaration previous to the trial, its defects were cured by the act of 1824. Although there was a demurrer to the replication to the plea of former recovery, which it would, perhaps, have been competent for the Circuit Court to have visited upon the declaration, yet we think the act cited, requires that the objection should have been distinctly made by a demurrer to the declaration, or that it should have been pointed out orally, by the defendant, in urging his demurrer to the replication. The intention and spirit of the enactment cannot be carried out by any other construction ; and where it is proposed to take advantage of any defect in the preceding pleadings of the parties, the record should show that it was insisted on in the primary Court.

The judgment must therefore be affirmed.