# Britt v. Pitts.

*Action on the Case against Co-surety on Forthcoming Bond.*

1. *Action on the case; when it lies for damages for breach of contract.* When a duty is imposed by a contract, or grows out of it by legal implication, and injury results from the violation or disregard of that duty, an action on the case will lie to recover damages resulting therefrom, although an action of assumpsit might also be maintained for the breach of the contract; and this is true even though the contract imposing the duty be a bond.

2. *Same; liability of surety to co-surety on forthcoming bond for failure to deliver property.*—Where one of the two sureties on a forthcoming bond obtains possession of the property pending the claim suit wherein the bond was given, upon the determination of the claim suit in favor of the plaintiff in the original suit and the rendition of judgment therein for the property, with assessment of value thereof, the surety having possession of the property is under a legal duty to his co-surety to surrender the property, or its assessed value, in exoneration of the latter's alternate liability; and if by reason of such surety's default in the performance of the duty thus imposed, his co-surety is forced to pay the assessed value of the property, he can maintain an action on the case against the defaulting surety to recover the damages thereby occasioned.

3. *Same; same; when statute of limitation begins to run.*—The cause of action resulting to a surety on a forthcoming bond for the failure of his co-surety, who obtained possession of the property claimed pending the claim suit to surrender the property, or its assessed value, does not accrue, and, therefore, the statute of limitations does not begin to run until after the duty of restitution has been imposed upon such co-surety by a judgment in the claim suit, and he has made default in the performance of such duty, and the complaining surety has in consequence been forced to pay the assessed value of the property; and an action on the case, brought within a year from

[Britt v. Pitts.]

the happening of such events is not barred by the statute of limitations.

4. *Same; coverture no defense.*—To an action on the case against a surety on a forthcoming bond, who obtained possession of the property claimed pending the claim suit, to recover damages for the defendant's failure to deliver the property upon the rendition of judgment against the principal in the bond, by reason of which default the plaintiff, the other surety, was forced to pay the assessed value of the property, the fact that the defendant was a married woman at the time the bond was executed presents no defense; the action not being on the bond, but for the breach of duty imposed upon the defendant by the execution of the bond.

5. *Same; plea of coverture; when replication sufficient answer thereto.*—In such a case, where the defendant pleaded coverture at the time of the execution of the bond, and without demurring to such plea, the plaintiff filed a replication thereto setting up the fact that as the action was not on a contract but for a tort, the plea of coverture presented no defense, if the defendant joins issue upon this replication, the facts stated therein being proved by the averments of the complaint itself, the plea of coverture is emasculated; and upon the proof of the averments of the complaint the plaintiff is entitled to recover.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellee, T. F. Pitts, against the appellant, Kate Britt. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiff, in writing, gave the general affirmative charge in his behalf; and refused the affirmative charge requested by the defendant. To each of these rulings the defendant separately excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court upon the pleadings and the giving of the charge requested by the plaintiff, and the refusal to give the charge requested by the defendant.

A. H. ALSTON and G. L. COMER, for appellant.—Appellant contends that this is an action for an injury or wrong arising from contract; the bond which appellant and appellee signed as sureties. Neither one of them had any claim to or title in said cotton, and whatever rights either had grew out of the fact of their being co-sureties on said bond, and appellee, if he has been made

to pay more than his share of liability on said bond, must seek redress from appellant on and under said bond in the regular way, provided by law.—*Mobile L. Ins. Co. v. Randall*, 74 Ala. 170.

2. The breach of duty, if there was any separate from the contract, the claim bond, was on the part of the claimant, he was to deliver said cotton and appellant and appellee became his sureties that he, and not they, would deliver said cotton. This duty of delivering said cotton was due to the plaintiffs in the original action,—Parish & Bro.,—and not to appellee.—*Williams v. Stillwell*, 88 Ala. 333.

3. Appellee's remedy was an action against appellant to recover the aliquot portion of the debt due by her, but as appellant was a married woman, not liable under any contracts except such as are made in strict accordance with our statutes, they seek to evade the plain principles of law by bringing what they claim to be an action in tort, when if any tort was committed by appellant, it was not such a tort as appellee can complain of. Appellee can not maintain any suit at law except on the contract.—Code of Ala., § 2351; *Pinkston v. Taliaferro*, 9 Ala. 547; *Bezzell v. White*, 13 Ala. 422; *White v. Banks*, 21 Ala. 705; *Couch v. Terry*, 12 Ala. 225.

4. The claim bond was not such a contract as bound Mrs. Britt individually, and this suit is against her as an individual.—Code of 1886, §§ 2346, 2350; *Tanner v. State*, 92 Ala. 53.

A. H. MERRILL and A. A. EVANS, *contra.*—1. This was an action on the case founded in tort, and not an action *ex contractu.*—*Kent v. Long*, 8 Ala. 46; 26 Amer. & Eng. Encyc. of Law, 72, § 1; *Mobile L. Ins. Co. v. Randall*, 74 Ala. 170; *Aderholt & Co. v. Smith*, 83 Ala. 489.

2. The plea of coverture was no answer to the complaint in this case.—Code of 1886, §§ 2345, 2347; 2 Lawson's Rights, Remedies & Practice, § 754; *Rush v. Dilks*, 43 Hun (N. Y.) 282; *Kowing v. Manly*, 49 N. Y. 192; 2 Black on Judgments, §§ 587, 591; *Marion v. Regenstein*, 98 Ala. 477.

3. This suit was not barred by the statute of limitations of one year.—13 Amer. & Eng. Encyc. of Law, 720 *et seq.*

4. The court did not err in charging the jury that if

they believed the evidence they must find for the plaintiff. Code of 1886, § 2345, *Mobile L. Ins. Co. v. Randall*, 74 Ala. 170; *Kent v. Long*, 8 Ala. 46; 2 Lawson's Rights, Remedies & Practice, § 754; *Rush v. Dilks*, 43 Hun (N. Y.) 282; *Kowing v. Manley*, 49 N. Y. 191; 2 Black on Judgments, §§ 587, 591; *Marion v. Regenstein*, 98 Ala. 477.

McCLELLAN, J.—Parish sued White in detinue to recover certain six bales of cotton. Anglin interposed a claim to the cotton by filing affidavit and giving the statutory bond. Britt & Co. and T. F. Pitts were the sureties on this bond. Pending this claim suit the cotton was released from the seizure and came into the hands of Britt & Co., or rather of Kate Britt, who carried on business and signed by another said bond in and by that name, and she sold the property and converted the proceeds to her own use more than a year before the present action was instituted. Within a year before this suit was brought, the claim suit was determined in favor of plaintiff in the original action, and there was judgment for the property, with assessment of the value thereof, against Anglin. The property not being delivered there was judgment and execution against Anglin and the sureties on said bond, Britt & Co. and Pitts, for the assessed value thereof &c. Pitts paid this judgment, and instituted the present action on the case against Kate Britt to recover damages alleged to have been sustained by him because of her failure to deliver said cotton under the judgments in the detinue and claim suits. Defendants pleaded to the complaint as amended (1) the general issue; (2) the statute of limitations of one year; and (3) "that at the time of the execution of the bond or instrument, the foundation of the suit, she was a married woman, the wife of John T. Britt." Plaintiff *replied* to this last plea "(1) that the cause of action set forth in the complaint is for the tort alleged to have been committed by the defendant, and if she be a married woman, as alleged in the plea, she is liable for said tort, and said plea is no answer to this action; (2) that the liability of the defendant on the bond mentioned in said plea has been adjudicated by a former judgment of this court; and (3) that if it be a fact that defendant by reason of her coverture was not liable upon said bond, yet having

received said property levied upon it became her duty to restore the same to the satisfaction of said judgment, and failing in this she is guilty of a fraud in law, and is, therefore, liable in this action." Defendant demurred to this replication on the grounds: "(1) that the complaint filed in said cause is upon a contract and not in tort; and (2) that the complaint filed in said cause is *ex contractu*, and said replication is no answer to said plea."

The court was clearly right in overruling these assignments of demurrer to the replication. The suit is not on the bond, but for a breach of duty imposed by law upon the defendant and resting on the facts that she had executed the bond, taken the cotton under it and failed to deliver it up under the judgment in the original suits; and the bond is in the case not as the foundation of the suit but as inducement merely, showing the relation out of which the duty arose.—*Mobile Life Ins. Co. v. Randall*, 74 Ala. 170; *White v. Levy*, 91 Ala. 175, 177–8; *Sharpe v. National Bank*, 87 Ala. 644, 647–8.

We hold that Mrs. Britt, having acquired possession of the property under the bond for its forthcoming to satisfy Parish's judgment, was under a legal duty to her co-surety on that bond to surrender the property or its proceeds in exoneration of the co-surety's alternate liability, and that plaintiff, having been forced to pay the value of the property because of her default in the performance of this duty, may recover his damages thereby occasioned in this form of action.—*Kent v. Long*, 8 Ala. 44; *Aderholt & Co. v. Smith*, 83 Ala. 486.

All the facts in the complaint having been proved without conflict, the plaintiff was entitled to the general charge, which the court gave at his request, unless the plea of the statute of limitations of one year has been sustained, or it has been shown that the defendant is exempted by reason of coverture from the liability sought to be fixed upon her.

With respect to the statute of limitations it will be sufficient to say that this cause of action did not accrue to the plaintiff until after the duty of restitution had been imposed upon Mrs. Britt by the judgment, in the claim suit, and she had made default in its performance, and the plaintiff had in consequence thereof been forced to pay the assessed value of the property; and that all

this transpired within a year before suit brought. So that this plea is not sustained, and, indeed, no evidence was adduced tending to sustain it.

As to Mrs. Britt's coverture : that plea was clearly no answer to the complaint, which charged her with a tort, as we have seen. Moreover, it was further bad as a plea of coverture in that it did not negative her husband's consent to the execution by her of said claim bond, or to her engaging in business, expressed as required by the statute.—Code, §§ 2346, 2350. But the plaintiff did not demur to the plea on either ground or at all, indeed, and it must stand in the case as a good plea of coverture. The plaintiff, however, filed a *replication* to the plea, which set up matter appropriate to a demurrer, *i. e.*, "that the cause of action as set forth in plaintiff's declaration is for the tort alleged to have been committed by the defendant, and if she be a married woman she is liable for said tort, and said plea is no answer to this action," and the defendant, after interposing a demurrer to this, among other replications, on grounds which could not be sustained, and after the court had properly overruled her demurrer, took issue upon this replication. The attempted defense of coverture came in this way to turn upon the truth or falsity of the replication quoted above. The facts stated in it—really mere conclusions or propositions of law, though treated by the defendant as proper to be thus presented—are proved upon and by the face of the complaint itself. And so whether the other replications were good or bad, or were proved or not, the establishment in this way of the first one answered and emasculated the plea of coverture.

Under these special pleas, therefore, no defense was made out, and the action of the court in giving the affirmative charge for plaintiff, the evidence without conflict proving the complaint, is free from error.

The judgment of the circuit court is affirmed.