# Williams *v*. Ragan, *et al.*

*Action Against Constable and His Official Bond For
Failure to Return Property Claimed as Exempt.*

(Decided Dec. 19, 1907.    45 So. Rep. 185.)

1. *Appeal; Record; Bill of Exceptions.*—Where it does not appear
of record, except by recitals in the bills of exception, that it was
signed within the time allowed by the order of the court, such bill
of exceptions cannot be considered.

2. *Sheriffs and Constables; Duties and Liabilities; Failure to Re-
turn Property.*—Under section 2049, Code 1896, the failure of a
constable to return property taken under execution to the execution

[Williams v. Ragan, et al.]

defendant on a failure of the execution plaintiff to furnish a bond, is an official mifeasance for which an action lies against him and his official bond.

3. *Same; Nature of Action.*—An action against the constable on his bond for failure to comply with the requriements of section 2049, Code 1896, rested on the breach of duty and not on the conditions of the bond, is ex delicto in character and no demand for a delivery of the property is necessary to maintain the action.

4. *Exemptions; Claim; Duty of Sheriff on Failure of Either Party to Give Bond.*—Where a claim of exemptions to the property levied on under execution is filed with the officer making the levy, and neither the person presenting the claim nor the execution plaintiff give bond, it becomes the duty of the sheriff to deliver the property claimed as exempt to the person claiming it irrespective of whether the property is exempt or not.

5. *Sheriff and Constable; Liability for Failure to Return Exempt Property; Action; Parties To.*—The duty of the officer making the levy to return the property to the party claiming it as exempt, where neither party makes bond therefor, is statutory, and one of the joint owners of the property may maintain an action for failure to perform the duty without making the other joint owner a party.

6. *Same; Defenses.*—The fact that the creditors gave an insufficient bond for the forthcoming of the property levied on and that the execution debtor and exemption claimant tried to enforce such bond will not bar an action against the officer making the levy, on his bond, for failure to return the property.

7. *Same; Pleading.*—A plea to an action against an officer for failure to return property upon filing claim of exemption which states that the constable acted on the advice of the debtor's attorney as to the sufficiency of the bond given by the execution creditor, is defective for failure to state that the constable relied upon the advice of such attorney, or that the attorney represented the debtor in giving the advice.

8. *Same.*—A plea which avers that the officer making the levy relied on the advice of the debtor's attorney as to the sufficiency of the execution creditor's bond and that ·at the time the bond was made the property had been delivered to the execution creditor, subject to the order of the officer making the levy, is patently bad as a defense to an action against the levying officer and his official bond, for failure to deliver the property to the exemption claimant, on the failure of the execution creditor to make bond for the same.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by Eula Ragan against A. J. Williams. From a judgment for plaintiff, defendant appeals. Affirmed.

This is an action against Williams on his official bond, setting out the bond in so many words, for the wrongful failure to deliver to Eula and Nina Ragan

·certain property, alleged to belong to them, which Williams, in his capacity as constable and acting under color of his office, seized under execution issued from the justice court on a judgment in favor of D. H. Riddle and against Eula and Nina Ragan, after they had lodged with said constable a claim of exemptions to said property. The execution is set out in full, and it is averred that, after the interposition of the claim of exemptions, D. H. Riddle filed a contest thereto, and that the plaintiff here failed for five days to execute a bond for the replevy of said property, and that thereafter the said D. H. Riddle failed to make and deliver to said constable a bond as required by the statute for the possession of such property; that on Riddle's failure to make said bond, and notwithstanding such failure, the constable wrongfully failed to deliver said property to plaintiff here. It is further alleged that the property levied on by said constable was the joint property of Eula Ragan and Nina Ragan, and that, at the same time that Eula Ragan lodged her claim of exemptions with said officer, Nina Ragan also lodged her claim of exemption to her undivided interest in said property with the said officer, but, notwithstanding the failure of Riddle, upon filing contest and after plaintiffs' failure to give bond, to give the bond required by the statute, the said constable failed to deliver the property to either one of these plaintiffs.

Demurrers were interposed to this complaint as follows: "To the first count, because it fails to show that the said execution was levied on said property as the property of this plaintiff. (2) Because it shows that said execution was levied on the property described therein as the property of this plaintiff and one Nina Ragan, and said count fails to show or aver that the said property described therein was not delivered to

Nina Ragan. (3) It shows on its face that the plaintiff was no more entitled to the possession of the property than Nina Ragan. (4) It shows that the plaintiff only had a half interest in the property described in the complaint, being the property levied on, and fails to show that plaintiff demanded of said Williams possession of said property. (5) It shows on its face that the plaintiff only owned a one-half interest in the property claimed as exempt, and fails to show or aver that the defendant, as such constable, was not authorized to deliver possession of the property levied on to the plaintiff in said execution, inasmuch as the other half of the property belonged to Nina Ragan and was levied on by said execution against her and the present plaintiff. (6) It fails to show that this plaintiff had the right to the exclusive possession of said property, or that he demanded possession jointly from the said constable to her half interest in the property before this suit was commenced. (7) It fails to show or aver that the property levied on under such execution as described in said count was exempt to this plaintiff."

These demurrers being overruled, the defendant filed the following pleas: (1 and 2) The general issue. "(3) Defendant says that the said D. H. Riddle did execute a bond for said property, a copy of which said bond is attached hereto and marked 'Exhibit A' and made a part hereof; and defendant says that in said suit B. B. Bridges was one of the attorneys for this plaintiff, who was one of the defendants in said execution, and that the defendant, A. J. Williams, showed said bond to the said Bridges, and that the said Bridges advised the said Williams that the bond was all right. 'Exhibit A. Know all men by these presents, that we, D. H. Riddle and John A. Penton, and J. R. Gilbert, are held and firmly bound unto Eula Ragan in the sum of $75.00, for the payment

of which, well and truly to be made and done, we bind ourselves and each of us, our and each of our heirs, executors, and administrators, jointly and severally by these presents, and we waive our exemption rights. Witness our hands and seals this 30th day of June, 1904. The condition of the above obligation is such that, whereas, the above bounden D. H. Riddle, at the suit of himself, has required A. J. Williams, constable, to levy an execution issued by J. H. Camp, justice of the peace, against Nina Ragan and Eula Ragan, levied on the following described property, towit [here follows description of a lot of personal property]; and, whereas, the said Eula Ragan has filed her claim of exemption with the said constable, claiming an undivided half interest in all of said property as exempt to her; and, whereas, the above bounden Riddle has filed his affidavit with A. J. Williams as constable contesting said claim of exemption; and, whereas, the said Eula Ragan failed for five days after the notice of said contnest was made to make bond for said property as required by law, and the above bound D. H. Riddle by making this bond has obtained possession of said property: Now, if the said Riddle is cast in the said suit, and shall then within thirty days after judgment deliver said property to said A. J. Williams, as constable, and pay all the costs and damages, that may result from his detention, then this obligation will be void; otherwise, to remain in full force and effect.' (4) Defendant says that said A. J. Williams as such constable did require the said Riddle to execute a bond before said property was delivered to said Riddle, which said bond was executed by the said Riddle, with J. A. Penton and J. R. Gilbert as the sureties on the said bond of the said Riddle, and that the sureties were good and solvent, and that said bond was conditioned as required by law in the sum and penalty

26 R

as required by law, a copy of which said bond is hereto attached. [Same as Exhibit A.] (5) That the plaintiff is estopped from saying that the defendant A. J. Williams, constable, delivered the property described in the complaint to the said D. H. Riddle without said Riddle having executed a bond as required by law, in this: Said Riddle did execute a bond, with J. R. Gilbert and J. A. Penton as sureties, and obtained possession of said property by making said bond, a copy of which bond is hereto attached and marked 'Exhibit A.' And the defendant says that the plaintiff afterwards, on, towit, the 6th day of June, 1904, brought suit on said bond before J. C. Carmichael, justice of the peace, in and for beat 4, Coosa county, Alabama, by summons and complaint, which summons and complaint is hereto attached, marked 'Exhibit B,' and made a part hereof. [Exhibit B shows a suit on the bond marked 'Exhibit A' begun by Eula Ragan against Riddle and sureties in the bond.]" (6) Same as 5, except that it sets up a ratification of the action of the constable in taking said bond by bringing the suit thereon, as described in plea 5. "(7) The property levied on as described in the complaint was levied on by the defendant, A. J. Williams, as such constable, under an execution issued by J. H. Camp, a justice of the peace, against Eula Ragan and Nina Ragan, on a judgment rendered against them for a debt they owed said D. H. Riddle as partners, and the said property was partnership property, and was not exempt to plaintiff from levy and sale under said execution. (8) Plaintiff never demanded of said Williams, as constable or otherwise, possession of her said one-half interest in said property. (9) Plaintiff was not entitled to exclusive possession of said property, inasmuch as she owned only a half interest, undivided therein, and she never demanded of A. J. Williams, as constable or otherwise,

possession of her half interest in said property. (10) No demand before bringing suit. (11) Said contest of exemptions was decided against plaintiff, in this: Plaintiff demanded a jury as provided by law for the trial of said contest of exmeptions, and the same was determined against plaintiff by the verdict of said jury, which was in words and figures as follows: 'We, the jurors, believe that the defendants are not partners in the real estate and personal property inherited and proceeds thereof. We believe the following values are just on the property. One brindle cow and calf, $20.00; one black and white spotted cow, $18.00; one yearling, $8.00; one black milk cow, $20.00; one buggy and harness, $16.00; one sewing machine, $5.00; We do not consider any rental on the above. John J. Lanier, Foreman.' Therefore plaintiff was not damaged by any of the wrongs complained of. (12) But the rental value of said property has already been legally and judicially determined to be worthless, in this: On the trial of the contests of said claim of exemptions between this plaintiff and D. H. Riddle, this plaintiff demanded a jury to try same, and said jury rendered the following verdict, towit: [Same as quoted in plea 11.]" "(2½) Defendants, each pleading jointly and separately, say for further answer to said complaint, and each count thereof, that Eula Ragan, this plaintiff, and Nina Ragan, the defendants in said execution, were partners and owned the property described in the complaint and used the same in the partnership business as partnership property, and said execution was to recover a debt due the said D. H. Riddle from said partnership, and the name of said partnership in which it did business was Eula Ragan and Nina Ragan, and plaintiff cannot maintain her suit in her individual name for the value of one-half undivided interest in said property, and that if the suit can be

maintained at all, it can be only done by said partner-ship."

Defendant amended plea No. 3 by the following additional averments: "At the time said bond was made and delivered to the said Williams as such constable, it was done with the agreement and understanding between the said D. H. Riddle and the said Williams as such constable that the said Riddle would hold the property subject to the order of the said Williams as such constable until said Williams could have the said bond passed on by some attorney, and the defendants aver that said bond was submitted to the said B. B. Bridges the next day, while said property was yet under the control of said Williams as such constable, and said B. B. Bridges advised the said Williams that the bond was all right, and at the same time the said B. B. Bridges was the attorney for this plaintiff conducting said claim of exemption and contest thereon for this plaintiff, and as such attorney was authorized to bind this plaintiff by advising the said Williams that the said bond was all right."

The plaintiff moved to strike pleas 5, 6, 7, 8, 9, 10, 11, and 12, and also the additional pleas 1½, 2½, and 3½, upon the grounds that they are frivolous, and upon the further ground that they fail to state any matters defensive to this action. She demurred to plea 3, because it shows on its face that the constable had delivered the property to Riddle before Bridges had ever said anything to him about said bond, and before it was submitted to said Bridges, and because it sets up an agreement between defendant and Riddle to which plaintiff was not a party, and because it appears on its face that Bridges had no right or authority to waive the right of plaintiff to bring this suit and that he did not waive such right.

D. H. RIDDLE, for appellant. The plaintiff only own-ing half interest in the property could not sue for a fail-ure to deliver it to her or for withholding the property until she had demanded possession.—*Moore v. Walker,* 124 Ala. 199; *Russell v. Russell,* 62 Ala. 48; *Williams v. Nolan,* 34 Ala. 167; *Perminter v. Kelly,* 18 Ala. 716. The constable occupied the position of a cotenant and the action cannot be maintained against him as long as the co-tenancy remains.—*Cowles v. Garrett,* 30 Ala. 341. The complaint should have alleged that the property was in fact exempt to her. If it were not the officer could disregard it.—*Kennedy v. Smith,* 99 Ala. 83; 67 Ala. 339. The counts were defective for not alleging that the property was exempt.—*Eley v. Blocker,* 112 Ala. 311; *Young v. Hubbard,* 102 Ala. 373. The complaint states a mere conclusion of the pleader.—*Equitable Mfg. Co. v. Howard,* 37 South. 106. Plea 11 was a good defense. The verdict of the jury declared that the property was partnership property.—*Lewis v. Lewis,* Minor 95; *Wittrick v. Traun,* 25 Ala. 317; *Webb v. Reynolds,* 139 Ala. 394. The action was ex contractu and not ex delicto.—*Hearn v. The State,* 62 Ala. 218; *Hatch v. The State,* 40 Ala. 718; *Schuessler v. Dudley,* 80 Ala. 531; *McDaniel v. Johnson,* 110 Ala. 526; 114 Ala. 128; 102 Ala. 193; 100 Ala. 224; 137 Ala. 292. The verdict was void for uncertainty and the court erred in admitting the judgment.—43 Ala. 350; 27 Ala. 570; 2 Ala. 359. A partnership existed between Ninfa Ragan and Eula Ragan.—*Lee v. Bryan,* 104 Ala. 125; *Stafford v. Sidney,* 113 Ala. 447; *Pierce v. Whitley,* 39 Ala. 179; *Nelms v. McGraw,* 93 Ala. 245; *Autrey v. Frieze,* 59 Ala. 587.

LACKEY & BRIDGES, for appellee. Where a claim of exemptions has been lodged with the levying officer and

a contest filed and the property not replevied within the statutory time it is the duty of the officer to return the property to the execution defendant.—Secs. 2047-49, Code 1896. A violation of this duty renders him a trespasser.—*Gay v. Burgess,* 59 Ala. 575; *Elrod v. Hamner,* 120 Ala. 463. Where the damages to joint property is such that co-tenants are not jointly interested therein the remedy is severable.—*Lowery v. Roland,* 104 Ala. 420. Where the property is levied on and sold under execution an action for damages therefor may be maintained by those of the co-tenants who are not defendants in execution.—*Shephard v. Shelton,* 34 Ala. 652; *Daniel v. Owen,* 70 Ala. 297; *Russell v. Russell,* 62 Ala. 48. Verbal admissions made after the transaction is complete which the other party did not invite or influence, do not create an estoppel.—*McCall v. Powell,* 64 Ala. 254. No estoppel in pais is shown.—7 A. & E. Ency. of Law, pp. 14 to 17. No estoppel by judgment is shown.—4 Mayf. 728. No partnership is shown.—17 A. & E. Ency. of Law, pp. 830-1; *Nelms v. McGraw,* 93 Ala. 245; *Tayloe v. Bush,* 75 Ala. 432; *Mayrant v. Marsden, et al.,* 67 Ala. 453. The action was in case.—*Taylor v. Smith,* 104 Ala. 537; *Britt v. Pitts,* 111 Ala. 401.

McCLELLAN, J.—The paper purporting to be a bill of exceptions cannot be considered, since it was not signed by the presiding judge within the time allowed by order of the court. There is a recital, over the signature of the judge, that by an order of court the time was extended so as to include the date on which the paper was signed; but we can discover no such order in the record.

The gravamen of this action is the misfeasance of a public officer, a constable, in that he failed or refused to deliver the property to the defendant as commanded,

imperatively, by section 2049 of the Code of 1896. The failure or refusal to perform this duty was an official dereliction, for which an action lies against the officer and the sureties on his bond. The suit rests on the breached duty, not on the bond, and is, therefore, ex delicto, and not ex contractu.—*Britt v. Pitts,* 111 Ala. 401, 20 South. 484. And no demand for the undeliverea property was essential to the maintenance of the action. —*Elrod v. Hamner,* 120 Ala. 469, 24 South. 882, 74 Am. St. Rep. 43. The actionable wrong was complete when the duty imposed by the statute was not performed. It was not and could not be within the province of the officer to decide whether the property or the moiety interest therein was exempt to plaintiff. His duty was fixed by the statute, and a violation of that duty cannot be justified or liability therefor modified by the fact, if so, that the property, or an undivided interest therein, was not subject to be claimed as exempt.—*Elrod v. Hamner, supra.*

While the plaintiff was a joint owner, with another, of the chattels seized, the misfeasance giving rise to this action cannot be treated as an element or subject of that tenancy in common. The statute imposed the duty, and, that duty being unperformed, the aggrieved party has his action, without regard to the property ownership in relation to which the statutory duty was breached. Hence the joinder of the other joint owner with the plaintiff was not necessary to the maintaining of the action. That the levying officer may take possession of and hold a chattel in which the defendant in the writ had an undivided interest is well settled; and we apprehend that the possession and retention by the officer may be, under the statute here declaring his duty to return the property to a defendant in the event stated, fully justified if the interest of one of the defendants re-

[Williams v. Ragan, et al.]

mained subject to the writ in his hands; but it cannot be that, where both tenants in common interpose their claim of exemptions to their respective interests therein, he can be warranted in retaining the property or illegally delivering it to the plaintiff in the writ. The claims of exemptions in the case at bar, the requisite bonds not being executed, severed every right of the officer to do aught but deliver the property to the plaintiff or her fellow tenant in common; and a delivery to either would have acquitted him of any wrong in the premises. Accordingly the demurrers, reassigned to only the first count, after the amendment had been made, were properly overruled.

Many pleas were filed, and to these numerous demurrers were sustained. From what has been said above, a large number of these pleas were correctly stricken on demurrer.

Some of the remaining pleas sought the benefit of an estoppel against the plaintiff, because she undertook to enforce the collection of the bond furnished by the plaintiff in the original suit. While that bond was a good common-law obligation, it was not the statutory instrument on the faith of which only the officer could have delivered the property to the plaintiff in that proceeding. —*Traweek v. Heard*, 97 Ala. 715, 12 South. 166. Assuming, regardless of the doubt attending it, that the given obligation was enforceable by the plaintiff against the obligors, it does not appear from these pleas that a recovery was had by this plaintiff in the action thereon; and for this reason, if not others stated in the demurrers, the demurrers were correctly sustained. Other pleas undertook to set up, by way of estoppel, the advice of the attorney for the defendants in the writ to the officer taking the nonstatutory bond from the plaintiff in the writ. The objections that these pleas did not aver

that the action of the officer in taking the bond was in-
duced by the advice, or that the attorney represented
the defendant in giving such advice, were well taken.—
*McCall v. Powell,* 64 Ala. 259.

The subsequent determination, if so, that the property
in question was not exempt to plaintiff, was, as stated
before, dehors the action here, which counts on the
breach of the official duty owed under the statute. Plea
No. 3, as amended, was patently demurrable, and was
properly thereon stricken. The replication to plea $2\frac{1}{2}$
was but a general traverse of the material and funda-
mental allegation of plea $2\frac{1}{2}$; and so the demurrers
thereto were properly overruled.

There is no error in the record, and the judgment is
affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., con-
cur.