(100 South. 469)
### McCORD et al. v. BRIDGES et al.
### (7 Div. 357.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Statutes ⬤⟹148—Subject of amendment by reference to title must be germane to original section.**

When section of Code is amended by reference to its title, subject added by amendment must be germane to, suggested by, and supplemental to subject-matter of original section.

**2. Statutes ⬤⟹148—Amendment by reference to title held valid.**

Act Sept. 29, 1915 (Acts 1915, p. 880), amending Code 1907, § 2967, relative to venue of suits on bonds by reference to title, *held* constitutional, its subject-matter being germane to original section.

**3. Injunction ⬤⟹248—No misjoinder of parties in suit on injunction bond.**

In action on injunction bonds by both parties to contract to log certain premises against one who sued to restrain cutting and removing of timber, there was no misjoinder of parties plaintiff.

**4. Action ⬤⟹50(1)—No misjoinder of causes of action because suit brought on several injunction bonds.**

There was no misjoinder of causes of action because suit was brought on several bonds for suing out and reinstating injunction.

**5. Injunction ⬤⟹252(4)—Damages recoverable in action on injunction bond.**

One enjoined from cutting and hauling logs under a contract was entitled to recover in action on bond reasonable value of hire of his outfit and reasonable attorney's fees, etc., such damages not being remote.

**6. Injunction ⬤⟹251—Evidence admissible in action on bond.**

In action on injunction bond given when plaintiff was restrained from cutting timber under contract, plaintiff was properly permitted to testify that his "teams" "were trained to haul logs," that he had competent and experienced men and cutters, and to state "the reasonable rental value of the logging outfit," and also facts as to reasonable cost of feeding, his efforts to minimize his damages, and compensation received by other work.

**7. Appeal and error ⬤⟹1050(1)—Admission of evidence held not reversible error.**

In action on bond given to obtain injunction against cutting and hauling logs on premises under contract, there was no reversible error in allowing plaintiff to testify that before he cut any of that timber there was "something like a million feet," to show he would have been cutting and hauling during the period for which damages were claimed, and to testify that he had his teams and outfit ready.

**8. Evidence ⬤⟹523—Testimony of qualified witness as to reasonable attorney's fee admissible.**

Where counsel hypothesized various steps in litigation between parties, nature thereof, and average work that plaintiff could have done if not forced to remain idle by defendant's injunction suit, witness, a practicing attorney shown to be qualified, was properly permitted to state what would be a reasonable attorney's fee.

**9. Injunction ⬤⟹253—Requested charges held properly refused in action on bond.**

In action on injunction bond by one restrained from cutting and hauling timber under contract, there was no error in refusing defendants' requested charges seeking to extend inquiry to lost profits, court having stated that only elements submitted were reasonable attorney's fees and market value of hire of plaintiff's idle teams and outfit.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Action on injunction bonds by J. U. Bridges and Cleve Hawkins, for the use of Cleve

---

Hawkins, against Z. D. McCord, W. H. McCord, and Jeff McCord. Judgment for plaintiffs, and defendants appeal. Affirmed.

Count A alleges that in April, 1920, plaintiff Hawkins entered into a contract with Bridges to cut into logs and haul to a sawmill timber located on lands described, at and for a stipulated price; that there was about 1,000,000 feet of timber on the lands; that plaintiff immediately provided himself with wagons, oxen, horses, etc., and entered upon the execution of his contract, handling about 225,000 feet of the timber; that on August 4, 1920, defendant filed in the circuit court his bill seeking to restrain plaintiff from cutting and removing or disposing of the timber in question, entered into a bond, and procured a temporary restraining order; that on August 13, 1920, defendant executed another bond and procured a continuance of the restraining order; that on August 19, 1920, defendant entered into another bond and procured a further continuance of the restraining order.

It is averred that on final hearing defendant's bill was dismissed and the restraining order dissolved.

As special damages plaintiff claims an amount incurred as attorney's fees in the litigation, and a stated sum per day during the time his teams were idle.

Count B is the same as count A, with the added averment to the effect that defendant took an appeal from the decree of the circuit court dismissing his bill, pending which appeal he procured an order from a justice of the Supreme Court reinstating the injunction, executing an additional bond therefor; that the decree of the lower court was affirmed, and the injunction dissolved; that defendant failed to pay plaintiff for the damages caused by the injunction.

The witness Stringer, after counsel had hypothesized the various steps in the litigation between the parties, the nature thereof, and the average work that could be done by Hawkins and the time he was forced to remain idle, was asked what would be a reasonable attorney's fee for Hawkins' solicitor.

These charges were refused to defendants:

"(12) The court charges the jury that, without the plaintiff has reasonably satisfied them from the evidence that the plaintiff has suffered some damage on account of the suing out of said injunction wrongfully, either on account of the loss in the carrying out of his contract with Bridges or for expenses in keeping his teams in order to carry out said contract, then the plaintiff cannot recover any damages other than for such liability as they may determine that the defendant should pay to the plaintiff for the attorney's fees in representing him in said injunction suit."

"(18) The court charges the jury if they believe the evidence plaintiff can only recover for such amount as damages as was the value of said contract during the time the same was suspended under said injunction, and, if they believe from the evidence that said contract had no value or there would have been no profits, if the same had been carried through, the plaintiff cannot recover under his complaint as to this element of damage.

"(19) The court charges the jury that, if they believe from the evidence that the plaintiff in his alleged contract with Bridges which was suspended during said injunction suit would have lost money in carrying out the same, he cannot recover any damages for the said interference with carrying out said contract in regard to hauling said logs and lumber."

Knox, Acker, Dixon & Sims, of Talladega, for appellants.

Pleas in abatement to the complaint should have been sustained, the same being a suit upon a bond, and none of the defendants residing in the county where it was brought. Code 1907, § 6110, as amended. Acts 1915, p. 880, authorizing such suits to be brought in the county where the injunction was sued out, is void. Troy v. Smith, 187 Ala. 417, 65 South. 942; Ex parte Cowert, 92 Ala. 94, 9 South. 225. Suits for damages for the wrongful suing out of injunctions may be either upon the bond or in case. Britt v. Pitts, 111 Ala. 401, 20 South. 484; White v. Levy, 91 Ala. 175, 8 South. 563. The measure of damges allowed was improper. Webb v. McFarlin & Co., 177 Ala. 531, 58 South. 453.

Riddle & Riddle, of Talladega, for appellees.

The action is in tort, and may be brought in the county where committed. Williams v. Ragan, 153 Ala. 397, 45 South. 185; White v. Levy, 91 Ala. 175, 8 South. 563; City Nat. Bank v. Jeffries, 73 Ala. 191; Durr v. Jackson, 59 Ala. 203.

THOMAS, J. The suit is based upon a complaint originally numbered 1, and that count was eliminated by adding counts A and B. The trial was upon the complaint as amended and the plea of the general issue.

Preliminary rulings assigned as error are the sustaining of demurrers to pleas in abatement Nos. 1, 2, 3, and 4. These pleas sought to set up the fact that when the suit was first brought on the injunction bond the case was on rehearing in this court; that there was pending another suit for damages for breach of the contract; and that the residence of defendants were in the county of Coosa rather than that where the suit was brought.

[1, 2] The act of September 29, 1915 (Gen. Acts, p. 880), sought to amend section 2967 of the Code of 1907, and provided, among other things, that suit may be maintained upon an injunction bond in the county where the injunction was sued out, operated, etc. The venue of the suit and operation of the injunction was Talladega county. It is insisted that the amendment of section 2967 of

the Code in respects indicated was unconstitutional. The cases of State ex rel. Troy v. Smith, Auditor, 187 Ala. 417, 65 South. 942, and Ex parte Cowert, 92 Ala. 94, 100, 9 South. 225, are cited by appellants as indicating the rule of amendment of statutes by reference to their titles. It is true that when the section of the Code is sought to be amended by reference to its title the subject added by way of amendment must be germane to, suggested by, and supplemental to the subject-matter of the original section. Dodd v. Commissioners' Court, 203 Ala. 271, 82 South. 521; Ex parte Johnson, 203 Ala. 579, 84 South. 803; Smith v. Birmingham Realty Co., 208 Ala. 114, 94 South. 117. The subject-matter of the original statute (Code, § 2967) was "venue of suits on bonds," and is contained in chapter 56, art. 5, "Attachments." The amendment was of matter germane to, suggested by, and supplemental to the subject of the "venue of suits on bonds," and extended the same to suits on attachment or injunction bonds, and those of petitioning creditors, etc. Gen. Acts 1915, p. 880. The act violated no provision of organic law in so amending this statute. There was no error committed in sustaining demurrers to pleas in abatement.

The several decisions of this court as to the character of actions that may be maintained against the principal and sureties growing out of the breach of duty under an official bond or that given as a condition precedent to suing out or reinstatement of injunctions, etc., are to be found in National Surety Co. v. Citizens' L., H. & P. Co., 201 Ala. 456, 78 South. 834; Williams v. Ragan, 153 Ala. 397, 45 South. 185; Britt v. Pitts, 111 Ala. 401, 20 South. 484 (action on case against cosurety); City Nat. Bank v. Jeffries, 73 Ala. 183; and Durr v. Jackson, 59 Ala. 203 (action on attachment bond). Appellants' counsel insist that there was error in overruling demurrer to the complaint on the ground (1) that it fails to show such a contract between Hawkins and Bridges as would bind Hawkins to perform the contract, and (2) fails to show that such contract was interfered with by this injunction being sued out.

[3, 4] There was no misjoinder of parties. The real party to the record is Hawkins, who had the beneficial interest under the contract and was restrained in the execution thereof by the preliminary writ, and the suit is for his use. Smith v. Yearwood, 197 Ala. 680, 73 South. 384; Moody v. Jacobs (Ala. Sup.) 100 South. 467;[1] Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; National Surety Co. v. Citizens' L., H. & P. Co., 201 Ala. 456, 460, 78 South. 834. Nor was there a misjoinder of causes of action by reason of the fact that the suit is rested on the several bonds for suing out and reinstating the injunction. National Surety Co. v. Citizens'

[1] Ante, p. 291.

L., H. & P. Co., supra. The count was not subject to the grounds of demurrer directed thereto.

[5] The lower court on the trial held to the view that the measure of the plaintiff Hawkins' damages embraced only the items of reasonable attorneys' fees and market value or reasonable hire of his teams and equipment during the time they were idle and unable to be given employment by him by reason of the injunction being sued out. Appellees' counsel insist that since the trial court required Hawkins to show that he sought to minimize the damage by trying to obtain employment for his outfit and teams (see Webb v McFarlin & Co., 177 Ala. 531, 58 South. 453; Cato v. Williamson, 209 Ala. 477, 96 South. 321), the loss Hawkins may have sustained in the execution of the contract had he not been restrained in that execution was not properly the subject of inquiry. Such is the law of this case, in view of such rulings of the trial court as to the measure of damages. The reasonable value of the hire of the outfit in question was an element of damages that resulted naturally and as a proximate consequence of the wrong done the plaintiff Hawkins in the suing out of the injunction. Such damages, and also those included as reasonable attorneys' fees, etc., are not remote, but are the direct and proximate result of the suing out and reinstatement of the injunction.

[6] We may say, however, of the rulings on evidence, that the witness Cleve Hawkins was properly permitted to testify that his "teams" in question "were trained to haul logs"; that he had competent and experienced men and cutters to handle them and to prepare the timber for hauling at the time the injunction was sued out; and that "the reasonable rental value of the logging outfit," including his own services, was "$25 dollars a day—the other fellow to feed them." The witness was further properly permitted to state the facts as to the reasonable cost per day to him to feed the teams, and to state the time he was permitted to work; that he tried to minimize his damages by getting other hauling to do for the period pending the injunction or reinstatement thereof; to state the amount of such work he did and the compensation received therefor; and to state the difference in the work contracted to be done, in the execution of which he was enjoined, and that he was forced to do in order to minimize his damages.

[7] There was no reversible error in allowing the witness to be asked, "At the time that sawmill was put down and you made that contract with Bridges, before you cut any of that timber off of that 320 acres, in your judgment how much saw timber was there on it?" and to answer "Something like a million feet." This tended to show the amount of time that would be required in the execution of his contract for cutting and haul-

ing, had he not been enjoined, and that he would, in reasonable probability have been engaged in cutting and hauling for the time for which damages were claimed and allowed by the verdict. It was also competent to allow the witness to testify that at all times, within the period indicated, he [Hawkins] had kept and held his teams and outfit ready "to log the mill any minute the injunction was dissolved."

[8] The hypothetical question to the witness Stringer, a practicing attorney, and shown to be qualified, was sufficient and authorized the giving of opinion evidence of the value of services rendered. Miller v. Whittington, 202 Ala. 406, 80 South. 499; Pullman Co. v. Meyer, 195 Ala. 397, 70 South. 763; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604.

The matters sought to be set up by defendants as to the character of lumber cut by Hawkins, and how much McCord paid Bridges, were beside the issues being submitted to the jury.

It is not necessary to further discuss the evidence, or rulings on the introduction of same. We find no error.

The portions of the oral charge to which exceptions are reserved are not available to appellants, when the other portions of that charge defining and limiting the measure of plaintiff's damages are considered. No error for which defendants could complain intervened in the oral instructions to the jury.

[9] There was no error to refuse defendants' requested charges Nos. 12, 18, and 19, which sought to extend the inquiry of plaintiff's damages to profits he might have made or failed to realize under the contract. The court had stated to the jury that the only elements of damages submitted for their consideration were reasonable attorneys' fees and the market value of the hire of plaintiff's idle teams and outfit for the period indicated.

There was no error in overruling the motion for a new trial. The evidence supported the complaint, and authorized the verdict.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

