## Dunklin *v.* Kimball.

### *Action on Common Money Counts.*

1. *Assignment for benefit of creditors, by majority of partners composing insolvent partnership.*—When a partnership consisting of three partners becomes insolvent, two of the partners cannot, without the consent or ratification of the third, assign the partnership assets to a trustee for the benefit of its creditors, so as to divest the right and title of the third partner.

2. *Partner's right to claim exemption of partnership property.*—When two members of an insolvent partnership have, without the consent or acquiescence of the third partner, assigned the partnership assets to a trustee for the benefit of its creditors, and the trustee has sold them, the third partner may claim his interest in the proceeds of sale, to the extent of one thousand dollars, as exempt from the payment of debts, and recover it by action against the trustee. (BRICKELL, J., dissenting.)

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by Theodore H. Kimball, against James L. Dunklin, and was commenced on the 1st day of August, 1872. The complaint contained only the common money counts; and the only plea was "the general issue, in short by consent, with leave to give in evidence any matter that might be specially pleaded." The action was brought to recover the plaintiff's interest, amounting to $690, in the proceeds of sale of the assets of the insolvent partnership of Pinney, Brother & Co., a firm composed of John L. Pinney, Samuel L. Pinney, and the plaintiff; which assets the defendant had sold under a deed of assignment executed by said John L. and Samuel L. Pinney, in their own names individually, and in the firm name, to the said defendant as trustee, in trust for the benefit of all their creditors, by agreement with said creditors. The plaintiff was absent at the time this assignment was executed, and his name was not signed to it. He testified, that he had never assented to the assignment, nor ratified it; that he had demanded his share of the proceeds of sale from the defendant, and claimed the same as exempt under the Constitution and laws of the State. On the part of the defendant evidence was adduced, tending to show that the plaintiff had assented to the assignment, had acquiesced in it, and offered to sign it. By consent, the case was submitted to the court, without the intervention of a jury; and the court rendered the following judgment: —

"The testimony shows, that the firm of Pinney, Brother & Co. was largely insolvent when the deed of assignment was executed to the defendant by the two Pinneys; that the plaintiff was absent from the State when the deed was executed and delivered, but had authorized one James H. Perdue to act for him when asked to do so by the creditors, and who declined

taking any responsibility in the matter; that neither of the Pinneys claimed any exemption out of the assets of the firm, or consented that the plaintiff should make such claim of exemption; and that one third of the net personal assets of the firm is the sum of $690. As to whether or not the plaintiff assented to the assignment as made, before it was made, or ratified it after it was made, the testimony is conflicting, and leaves the mind in doubt; and there not being a preponderance of evidence in favor of the plaintiff's assent or ratification, the court decides that he did not assent to it, and did not ratify it. The court decides, as matter of law, that the deed of assignment did not convey to the defendant the plaintiff's interest in the assets of the firm, but did convey the interest of the Pinneys; and that the plaintiff's constitutional right to his exemption is superior to the equitable lien of the other partners to have the partnership assets applied to the payment of the partnership debts. It is therefore considered by the court, that the plaintiff have and recover of the defendant the sum of six hundred and ninety dollars, together with the costs," &c.

The judgment of the court, to which the defendant excepted, is now assigned as error.

HERBERT & BUELL and V. S. MURPHEY, for appellant. — 1. The preponderance of the evidence is in favor of the plaintiff's assent to the assignment, though he did not sign it; and it is clearly shown that he acquiesced in it, and even offered to assist the defendant in selling the goods. As to the effect of such acquiescence, see Story on Agency, §§ 255, 256; 10 N. Y. 335, 447; *Crawford* v. *Barclay*, 18 Ala. 273.

2. On the question of the power of one partner to assign the partnership assets, in payment of the partnership debts, or for the benefit of its creditors, without the consent of his copartner, the authorities are conflicting; but the weight of authority, as well as of reasoning, is in favor of the power. Burrill on Assignments, 2d ed. 44; *Anderson* v. *Tompkins*, 1 Brock. 456.

3. Each partner has a lien upon the partnership assets, for the payment of the partnership debts; and until this lien is discharged, neither partner can assert any right, as against the other, to any part of the partnership assets. Story on Partnership, § 97; *Silk* v. *Prime*, 2 Leading Cases. A lien is a right to possess and retain property until some charge attaching to it is paid or discharged. 2 Burrill's L. D. 158; 1 Story's Equity, § 506; Story on Agency, § 352. The partnership creditors, as such, have no lien or equity on the partnership assets, except that which can be worked out through the partners themselves, and when they are subrogated to the rights

[Dunklin v. Kimball.]

and equities of those partners. *Reese* v. *Bradford*, 13 Ala. 846. The assignment certainly conveyed to the defendant, if nothing more, at least the equity and lien which the Pinneys had on the partnership assets; and the plaintiff cannot recover against him, without showing that this lien and equity has been satisfied, or discharged.

4. One partner cannot maintain an action at law against his copartners, until there has been a dissolution of the partnership, and a settlement of the partnership accounts. Story on Partnership, § 221; *Phillips* v. *Lockhart*, 1 Ala. 521. The plaintiff in this case can have no other or greater rights against the defendant, holding under the assignment, than he would have against his copartners if no assignment had been made. To sustain his action would be, in effect, to allow an action at law for the purpose of compelling a division of the partnership assets of an insolvent firm, and permitting one partner, against the consent of the others, to withdraw his share from the payment of the partnership debts.

5. The exemption laws cannot be invoked by the plaintiff in this case. Those laws only exempt property from "sale under execution, or other final process of any court;" and no creditor is seeking to subject this property to sale under execution or other final process of any court. Nor do those laws exempt property from sale under any lien; for instance, that of a vendor, a mechanic, a bailee, a common carrier, a mortgagee, or a partner.

JAMES BUELL, *contra.* — 1. The partnership was, in effect, dissolved by the assignment. Parsons on Partnership, 400.

2. The right of exemption, secured by the Constitution and laws, runs against partnership debts, as well as individual debts. *Watson* v. *Simpson*, 5 Ala. 233; *Bibb* v. *Janney*, 45 Ala. 329; *Brewer's Adm'r* v. *Granger*, 45 Ala. Mechanics' liens and laborers' liens are expressly excepted from the claim of exemption; and all other liens are necessarily left within its operation, on the maxim, *Expressio unius est exclusio alterius.* Authorities cited in Shepherd's Digest, 697.

3. There is no question here between the Pinneys and Kimball. They are bound by their assignment, and cannot complain that he asserts his rights to the proceeds of sale of the partnership property.

4. The question of fact, as to the plaintiff's assent or ratification of the assignment, was submitted to the decision of the court below, without the intervention of a jury; and its decision is conclusive on this court.

B. F. SAFFOLD, J. — The plaintiff and John and Samuel

Pinney were equal partners as merchants. The firm became insolvent, when the two Pinneys made a deed of assignment, conveying all the partnership assets to the defendant, Dunklin, for the benefit of all the partnership creditors, by agreement with the creditors. The partnership name was signed to the deed, but without the consent or concurrence of the plaintiff, who was absent at the time. The defendant sold the stock, and the plaintiff sued him for one third of the proceeds, not exceeding one thousand dollars, claiming it as exempt under the Constitution and laws from the payment of his debts. The questions presented are: 1st, whether the assignment made by the two partners divested the right and title of the third to the joint stock; and 2d, whether the plaintiff could claim exemption against debts of property which he had thus put into the partnership. There was a third question; a question of fact, whether the plaintiff had ratified the assignment. The evidence in respect to the ratification was very positive, and very contradictory; and it seems to us to be equally balanced. As the burden of proof was on the side of the affirmation, we do not feel authorized to find error in the verdict.

1. Whether one partner may assign all the property in trust to pay creditors, the firm being insolvent, is an unsettled proposition, supported on each side by able authorities. Parsons and Story, in their works on Partnership, state the doubt, and refer to numerous authorities for and against the right, without undertaking to say on which side they suppose the weight of argument to be. Chief Justice Marshall, in *Anderson* v. *Tompkins*, 1 Brock. R. 456, contending for the power, thought that such disposition, if fraudulently made, could be set aside, and, if done in good faith, was a proper appropriation of the stock. Would not the other partners be needlessly injured by being required to establish the fraud? Is not the authority of each partner restricted to such acts as are not inconsistent with the existence and purpose of the partnership, and forbidden from such as kill the partnership? One partner may have contributed his personal services against the other's money, for an equal division of the profits. The partnership might become insolvent, while the wealthy partner would be able to pay the debts out of other resources, and desirous of doing so. An assignment made by the other, without his knowledge or consent, would unnecessarily break up the business, injure his credit, and be a gross violation of the spirit of their contract. Without attempting an elaborate argument of the subject, we decide that such an assignment, to be valid against all of the partners, must be executed by all of them.

2. There is no doubt that the plaintiff's claim of exemption

is good against his individual creditors. None, that it is so, against the partnership creditors *per se*, because their demands have no greater element of lien or right than the former. Between the partners, each has a *specific lien* on the partnership stock, for the amount of his share, for moneys advanced by him for the use of the partnership beyond that amount, as also for moneys abstracted by his partner beyond the amount of his share. Collyer on Part. § 125. This means that, between the parties themselves, each one is entitled individually to whatever property he contributes. This being so, what claim can the partners have on each one's share, more than to devote it to the payment of the partnership debts? How is such a claim superior to that of the partnership creditors themselves? One of two partners may have as much individual property as he could claim under the exemption law, and it would be safe from all of his creditors. The other may, in addition to an equal share contributed, have advanced beyond that amount his entire private property, equal to what he could claim as exempt. Shall the former, secure in his exemption, say that the other shall have no exemption, because of obligation to him to pay partnership debts? Shall he *assign* his partner's rights and *specific lien* away, on account of any lien he has? Partnership debts are only debts. A partner's property is no less his when put into his partnership. The Constitution and the statute both give notice to all the world of the extent of his exemption, and his privilege of selecting it. No principle of the law of partnership subjects partnership property to the payment of partnership debts more absolutely than the general law devotes individual property to the payment of individual debts. *McKercher* v. *Pettigrew*, 8 B. R. 409.                        The judgment is affirmed.

BRICKELL, J. (dissenting.) — I respectfully dissent from the opinion just pronounced. The record presents a remarkable legal proceeding, which, I must think, is without precedent or principle to support it. Not the least of its peculiarities is, that one partner, the partnership accounts being unadjusted, and the rights and interests of the respective partners unascertained, sues at law in his own name, to recover what he claims to be his aliquot share of the partnership property. Next, it is an undisputed fact that the partnership is insolvent, its debts reaching seventeen thousand dollars, and its assets not exceeding four thousand dollars. It is an elementary principle of the law of partnership, founded in equity and good conscience, that neither partner has, or can have, any individual interest in the partnership property, until the partnership debts are paid, and the accounts of the several

partners settled. *Donelson* v. *Posey*, 13 Ala. 752; Story on Part. 135, § 97. Neither partner is permitted to convert the partnership property to his individual use, either by application to the payment of his individual debts, or otherwise. *Burwell & Clark* v. *Springfield*, 15 Ala. 273. The theory of this suit, however, is, and on that theory it has proceeded to a judgment which is now affirmed, that while he cannot apply the partnership assets to his individual debts, and thus convert them to his own use, he may make them his own through the agency of the exemption laws, by claiming them as free from liability for all debts, individual or partnership. Thus the exemption laws not only protect the debtor's own property, but become the only agency known to the law for converting into his the property which may belong to others.

The Constitution and laws make liberal, if not large exemptions of property, real and personal, from liability to the payment of debts ; and the capacity in which the debt is owing, whether individually or as a member of a partnership, is not material, — the exemption operates against either. The exemption, however, is of the debtor's own property ; of that property which could be subjected to the payment of his debts, in the absence of the law exempting it ; of that property to which he has title, and which legal process only can justify the creditor in seizing. Partnership property is not the property of the individual partners, or either of them, but of the partnership in its entirety. In the partnership, the title, legal and equitable, resides. If this property is subjected to the payment of the partnership debts, it is so subjected, not as the property of the individual partners, but as the property of the partnership. The law of this State permits an individual creditor of either partner to sell under legal process the partner's undivided interest in the partnership property. But he sells only the partner's interest, and the property remains liable to the payment of the partnership debts, and the settlement of the partnership accounts, as if the sale had not been made. The purchaser stands where the partner stood, and is entitled to nothing, except what may be ascertained to be due the partner after the payment of the partnership debts, and the settlement of the partnership account. *Winston* v. *Ewing*, 1 Ala. 129; *Moore & Co.* v. *Sample*, 3 Ala. 319 ; *Adams* v. *Keith*, 34 Ala. 722. Now, suppose such interest seized, and the debtor claims it as exempt; what is claimed, and what is exempt ? Obviously that only which is the subject of sale and seizure, for of nothing else can the debtor be divested. In the case supposed, then, the debtor would claim, and the law would exempt, only the interest he could have in the property after the partnership debts were paid, and the partnership

[Dunklin v. Kimball.]

accounts settled. Suppose the process is for a partnership debt, and against the partnership; as neither partner has any individual interest, or can at law assert any, in the partnership property, there can be no exemption claimed or allowed. It seems to me evident that the exemption laws were never intended to be applied to partnership property, and that they cannot be so applied without overturning the principles on which partnerships are founded, and which are essential to a fair and honest administration of partnership assets.

If this suit is maintainable, I am unable to perceive on what principle we could refuse an exemption of real estate, held by a commercial partnership, to the widow and minor child of a deceased partner. To their claim of exemption, under the theory and principles prevailing in this case, it is no answer to say, The property is partnership property, in which your husband and your ancestor had no individual interest. It is no answer to say the partnership debts are unpaid, and the partnership property is insufficient for the payment of these debts. This strengthens, rather than weakens the claim. In the case supposed, there would hardly be any hesitation in refusing the widow dower, and as little, under the ruling of the court, in allowing the exemption.

But, again, the property has never been seized by legal process, but has been converted into money, by a sale made under an assignment executed in the partnership name, by the plaintiff's copartners. The effect of this assignment it is unnecessary, in my view of this case, to consider. If it is a fraud upon, or injurious to the plaintiff, a court of equity can afford him full relief; nor do I think it any hardship to remit him to that forum, which, in my judgment, alone has cognizance of his rights, and which is competent, while awarding him the full measure of his rights, to compel him to do justice to others. The remarkable and unprecedented feature of the case is, that the suit purports to be founded on a claim of exemption of property from liability for the payment of debts, when there has been no effort by legal process to enforce such liability. In the absence of such effort, and in the absence of legal process affording a justification for the taking of the property, there can be no reason or room for the assertion of the claim of exemption. The right and title of the debtor is protected and enforced, and it is no answer for him who invades it to say that he owes him a debt, to the payment of which the property could or could not be subjected. Would it not be a novelty, for A. to complain in trespass that B. had take his horse by force without legal process, such horse being exempt from liability for the payment of the plaintiff's debts? Would not all that is said of legal process and the exemption be surplusage?

[Curry v. Woodward.]

And yet that is, in effect, the case before the court. The right to exemption, and to assert it, never arises until, by virtue of legal process, it is sought to make property liable for the payment of debts. Until then, the right and title is sufficient for the protection of the owner.

Since writing the foregoing opinion, my attention has been called to the case, *In re McKercher & Pettigrew*, 8 B. R. 409, in which the supreme court of Dakotah hold, that the individual members of a commercial partnership are entitled to have the exemptions allowed them by the bankrupt act set apart to them out of the partnership assets, where the individual assets of each copartner are insufficient. I am not sure this decision conflicts with the views I have expressed. If it does, I could not follow it. The proposition embraced in the case now before the court seems to me capable of operating such gross injustice, and to work such a radical change in the law of partnership, that I cannot assent to its correctness. Partnerships are often formed in which one partner contributes the entire capital. In such case, he has a lien on the partnership assets for his reimbursement, which a court of equity enforces in the settlement of partnership accounts. Until he is reimbursed, his copartners can claim no individual interest in such assets. The partnership may become insolvent, and he may be the only solvent partner, liable to pay all the partnership debts. The partnership assets may be exhausted in making up the exemptions claimed by his copartners. This to me seems by force of law taking the property of one man, and in the absence of all right bestowing it on another. Admitting fully the principle on which the supreme court of Dakotah seems to have proceeded in the case cited, that exemption statutes are to be liberally construed, the language of the legislature must be clear and direct before I can believe they have authorized such injustice, as I think must follow from subjecting partnership assets to a claim of exemption by an individual partner, before payment of partnership debts, the settlement of the partnership accounts, and the ascertainment of the fact that he has in such assets an individual interest.