# Giovanni v. First National Bank.

*Action for Damages against Plaintiffs in Attachment, for Sale of Exempt Property.*

*Exemption of partnership property; misjoinder of plaintiffs.* — If partnership property is levied on, and each partner asserts a claim of exemption to his interest therein, their joint interest in the property is thereby severed, and they cannot maintain a joint action against the attaching plaintiffs for selling the property under the levy.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

This action was brought by John Giovanni and Antoni Guily, against the appellee, to recover damages for the illegal sale of certain personal property, alleged to be of less value than $2,000, on which an attachment was levied by the sheriff, at the suit of the said bank, against the appellants as partners, doing business under the firm name of John Giovanni & Company; and which was sold by the sheriff under the attachment, acting under instructions from the bank, after the appellants had made and filed their separate claims of exemption, verified by affidavit, each claiming an undivided half interest in the property. The complaint alleged the plaintiffs' joint ownership of the property at the time of the levy, their claims of exemption after the levy, copies of which were annexed as exhibits, and the subsequent illegal sale under the instructions of the bank ; but there is no averment that the plaintiffs were

[Giovanni *v.* First National Bank.]

partners, and no allusion whatever to the partnership, except that in the inventory, or schedule of the property, annexed to the complaint, it is described as the " stock of merchandise belonging to John Giovanni & Co." The court sustained a demurrer to the complaint, on the ground of a misjoinder of plaintiffs ; and the judgment on the demurrer is now assigned as error.

WINTER & WINTER, for appellants, cited 2 Hilliard on Torts, 287 ; Parsons on Partnership, 2, 400, 440 ; 1 Chitty's Pleadings, 64 ; *Lane* v. *Darby*, 11 Miss. 105 ; *Croyton* v. *Lethebye*, 2 Saunders, 115 ; *Webber* v. *Baker*, 2 Wilson, 423.

STONE & CLOPTON, *contra.*

BRICKELL, J. — When there is no community of interest, parties cannot join in an action *ex contractu*, or *ex delicto.* A misjoinder of plaintiffs, apparent on the record, is fatal on demurrer, motion in arrest of judgment, or writ of error. 1 Chit. Pl. 66. It is settled by former decisions, that each partner may claim an exemption of property from liability for the payment of debts out of his share of the partnership property. *Dunklin* v. *Kimball*, at the last term. If the exemption is claimed, the joint interest in the property exempt is severed, and it becomes the separate property of the partner asserting the exemption. If it remained joint property, it would be subject to legal process against the partnership, for the partnership cannot claim an exemption ; *that* is the personal right of the individual partners. The partnership cannot maintain an action for the taking and sale of property exempt. Each partner can maintain a separate action for the taking and sale of property exempt to him under the law. It is his separate property which is taken, and his individual right which is invaded. A copartner may not join with him in the action, for it is no wrong to him that his separate property is taken, and he can have no interest in the recovery. It is apparent that there is a misjoinder of plaintiffs ; and on this ground, the judgment of the circuit court, sustaining the demurrer to the complaint, was correct. It is unnecessary to notice the other causes of demurrer assigned in the circuit court.

The judgment is affirmed.