# McGehee's Administrator *v.* Peterson.

### Action of Trespass Quare Clausum Fregit.

*Trespass Quare Clausum Fregit; when not proper action.*—Where tenants in common are in joint possession of crops, and land upon which the crops are grown, one of such tenants can not maintain trespass *quare clausum fregit* against the other, to recover damages for injuries done to the crops by animals which the other allowed to run at large. The remedy under such circumstances is by action on the case.

APPEAL from the City Court of Eufaula.
Tried before Hon. E. M. KEILS.
Issue was joined in this case and the trial had on the plea of "*not guilty*" to the following complaint : " The plaintiff (Robert Peterson) claims of the defendant (Abner McGehee) two thousand dollars for a trespass by the defendant on the following tract of land in the possession of the plaintiff (at the time said trespass was committed), to-wit : one hundred and sixty acres of land, it being a portion of the plantation of the defendant on the Chattahoochie river, in said county of Barbour, that was selected by one W. H. Boggers, to be cultivated by him for the year 1872, known as the ' Asbury Lane Tract,' for cutting of the timber, treading down and destroying, the grass and crop thereon, on the first day of September, 1871, and at divers other days and times between the said first day of September, 1871, and the 31st day of December, 1871." The contract between Boggers and McGehee was introduced by the plaintiff. It reads as follows :

" The State of Alabama, Barbour county. This contract between Abner McGehee, of the one part, and W. H. Boggers, of the other part, witnesseth : *First*, the undersigned, Abner

McGehee, agrees to furnish to the said W. H. Boggers, one hundred and sixty acres of land, more or less, to be selected by the said Boggers, one hundred acres of which to be planted and cultivated in cotton, and sixty acres to be planted in corn ; also, to furnish four mules, gear, plows, hoes, &c., and rations for eight good hands. *Second,* the undersigned, W. H. Boggers, agrees to furnish eight good hands, to cultivate one hundred acres in cotton and sixty acres in corn, in first rate farmer-like order ; also to build and stake and rider the whole fence with the full assistance of all parties interested in the same, for which the said McGehee agrees to pay to the said Boggers one-fourth, less one-twelfth, of the cotton, when baled, also one-fourth of the corn, fodder and peas, when gathered. Each party to pay for bagging and ties in proportion to his share in the cotton. Witness our hands, this 25th March, 1871.          " ABNER McGEHEE.
          " W. H. BOGGERS."

The transfer to Peterson of all of Boggers' interest in said contract was also introduced. The evidence went to show that tenancy in common and joint possession was created between the contracting parties, and a creation of the same relationship between the plaintiff and defendant by the transfer of Boggers' interest to Peterson. Several charges were asked by the defendant at the trial, and refused, among which was the following : " If the contract introduced in evidence by the plaintiff made the plaintiff and defendant tenants in common, then plaintiff cannot maintain this suit." The jury found a verdict for the plaintiff, assessing the damages at $2,000. Error is now assigned upon the refusal of the court to give said charge, and upon other rulings of the court, to which defendant duly excepted.

BUFORD & DENT, and SHORTER, for appellants.

A. H. MERRILL, *contra.*

MANNING, J.—According to the evidence set out in this record, and the contract between appellant and Boggers, the assignor of appellee, the former was in possession—if not exclusively as owner, at least as tenant in common, during the year with the latter.—*Thompson v. Mawhinney et al.* 17 Ala. 363 ; *Bennett v. Bullock,* 35 Penn. St. 364. In such a relation of the parties towards each other and to the land, the action of trespass *quare clausum fregit* could not be maintained by Peterson against McGehee for the acts of

[Watson v. Holly.]

damage complained of. Peterson was not expelled from the premises; and he was not in exclusive possession of them. If there was any wrong done to him by such acts, his remedy for it was by action on the case.—*Bennett v. Bullock, supra; Cabett v. Porter,* 8 B. & C. 268; *Booth v. Adams,* 11 Verm. 156; *Duncan v. Sylvester,* 1 Shepl. (13 Me.) 417.

The judgment of the City Court must be reversed, and the cause remanded.