(110 So. 323)

### HILL v. HOOPER.    (8 Div. 361.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 9, 1926.)

1. Chattel mortgages ⬅136—Lien of mortgage is waived by attachment.

One, electing to pursue remedy by attachment, conclusively admits defendant's title to property levied on and waives lien or title thereto under mortgage.

2. Judgment ⬅501—Unreversed judgment of court having jurisdiction cannot be attacked collaterally.

Where court has jurisdiction of subject-matter and parties, judgment, though irregular in form or erroneous, is conclusive until reversed, and cannot be attacked collaterally.

3. Judgment ⬅518—Attempt to impeach or annul judgment, except by direct proceeding in court rendering it, before end of term, is "collateral attack."

Any attempt to impeach or annul a judgment, except by direct proceeding in court that rendered it, before expiration of term at which rendered, is a "collateral attack" thereon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

4. Exemptions ⬅119(1)—Claim of exemption is too late after time for direct attack on default judgment for plaintiff (Code 1923, § 7896).

Where default judgment, condemning bale of cotton to satisfaction of debt and costs, and ordering it sold had not been reversed or annulled on direct attack, claim of exemptions was too late to be available, under Code 1923, § 7896.

5. Appeal and error ⬅1039(5), 1052(8)—Errors in rulings on evidence and other pleas than plea, sustained by evidence, in bar of denied claim to cotton attached, held not prejudicial to claimant, where court could have entered no other judgment.

Where judgment in original attachment suit was pleaded in bar of claim to cotton levied on and ordered sold, and unconflicting evidence established plea, errors in rulings on other pleas and admission of evidence did not prejudice claimant, appealing from judgment denying claim, as court could have rendered no other judgment.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Contest by J. F. Hooper of claim of exemption from attachment filed by D. M. Hill. From a judgment denying the claim, claimant appeals. Affirmed.

Street, Bradford & Street, of Guntersville, for appellant.

Having elected to pursue the remedy by attachment, plaintiff waived lien or title in himself. Kolsky v. Loveman, 97 Ala. 543, 12 So. 720; Lehman v. Van Winkle, 92 Ala. 443,

8 So. 870; Crossman v. Universal Co., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91. Failure to make the original attachment papers show waiver of exemption was an irrevocable loss of it. Code 1923, § 7964; Hutchison v. Powell, 92 Ala. 619, 9 So. 170; Fears v. Thompson, 82 Ala. 294, 2 So. 719.

Thos. E. Orr, of Albertville, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. This cause was tried before the court without the intervention of a jury. There were some rulings of the court that were technically erroneous, but, as will be seen by what follows, these rulings did not and could not affect the final results.

The case as made by the pleadings and evidence is substantially as follows: The appellee brought suit by attachment against the appellant. The affidavit, bond, and writ were issued and filed in office October 27, 1922, and executed by the sheriff on the same day by levying on one bale of cotton as the property of appellant and due return was made by the sheriff to the proper officer and notice of levy was given to appellant. On none of the foregoing papers was there any indorsement of the fact of a waiver of exemptions as is required by section 7964 of the Code of 1923. No complaint was filed at the time of bringing suit and no complaint was ever served on appellant, but on July 23, 1924, appellee, through his attorneys, filed a complaint, claiming $600 due by promissory note, and alleging a waiver of exemptions as to personal property and an order that execution issue with waiver of exemptions indorsed thereon. It was further ordered in the judgment that the one bale of cotton attached be condemned to the satisfaction of appellee's debt and costs and ordered sold. Thereafter on August 4, 1924, appellant filed his claim under section 7896 of the Code of 1923, claiming the one bale of cotton as exempt to him under the statutes of this state. The claim was in due form and regular.

[1] We have considered the cases cited in appellant's brief, but none of them have any application to the case at bar. It is true that appellee, having elected to pursue the remedy by attachment, conclusively admitted title in the appellant to the bale of cotton levied upon, and waived his lien or title thereto under his mortgage. This is settled by Kolsky v. Loveman, 97 Ala. 543, 12 So. 720, and other cases cited by appellant.

[2] It also seems to be the law as said in Hutchison v. Powell, 92 Ala. 619, 9 So. 170, and Fears v. Thompson, 82 Ala. 294, 2 So. 719, that the judgment by default rendered on July 23, 1924, was erroneous and on appeal would be reversed. But in neither of the above-cited cases and nowhere else that we have been able to find has such a judgment been held to be void and subject to collateral attack. In both of the above-cited cases the holding is that the judgment is erroneous. Where the court trying the case has jurisdiction of the subject-matter and the parties, as here, the judgment, although irregular in form, or erroneous, is conclusive, so long as unreversed, and cannot be attacked collaterally. Wyman v. Campbell, 6 Port. 219, 31 Am. Dec. 677; Lawson v. Alabama Warehouse Company, 73 Ala. 289; Pollard v. American, etc., Mtg. Co., 103 Ala. 289, 16 So. 801.

[3] Any attempt to impeach or annul a judgment other than by a direct proceeding in the court that rendered the judgment before the expiration of the term at which it was rendered is a collateral attack on such judgment. Johnson v. Johnson, 182 Ala. 376, 62 So. 706.

[4] This judgment condemned the bale of cotton to the satisfaction of appellee's debt and costs and the cotton was ordered sold. The judgment not having been reversed or annulled on direct attack, the claim of exemptions came too late to be available to appellant under section 7896 of the Code of 1923. Lackland v. Rodgers, 113 Ala. 529, 21 So. 341. We have noted the case of Kennedy v. First National Bank, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308, but that case in no way changes or modifies the rule laid down in Lackland v. Rodgers, supra.

[5] The judgment in the original attachment suit having been pleaded in bar of appellant's claim to the cotton levied on and ordered sold, and the evidence without conflict on this point establishing this plea, the errors of the court, if any, in its rulings on other pleas and the admission of evidence, could not have injuriously affected appellant's case. The court could not have rendered judgment other than as here recorded.

Let the judgment be affirmed.

Affirmed.